OLIVER DOXSEY AND OLIVER S. DOXSEY, APPELLANTS, *v.* THE LONG ISLAND RAILROAD COMPANY, RESPONDENT.

*Obstruction of a navigable stream by the defendant — the burden of proving the right to obstruct it rests upon the defendant.*

Where, in an action brought against a railroad company to recover damages for obstructing a navigable stream, it appears that one of the defendant's bridges closed up a common water highway, and that the plaintiffs have sustained damages from the obstruction, their case is established, and it rests upon the defendant to show its authority to construct the bridge, if it had any, and that it was properly built and managed. (PRATT, J., dissenting.)

APPEAL from a judgment of the County Court of Queens county, reversing a judgment in favor of the plaintiffs rendered by a justice of the peace.

The defendants, a railroad corporation, used and occupied a railroad track in the town of Hempstead, Queens county, for rail-

road purposes between a place called Pearsalls and Long Beach, in the aforesaid county. The track crossed several navigable streams of water, over which were erected as many draw-bridges. This action was brought against the defendants to recover damages because of its refusal and neglect to raise one of these draw-bridges to allow the sailing vessels of the plaintiffs to pass through a navigable portion of the bays of the town of Hempstead, whereby the plaintiffs lost a large quantity of oysters.

The draw of the bridge was broken which prevented it being raised.

*George A. Mott,* for the appellants.

*Edward E. Sprague,* for the respondent.

BARNARD, P. J. :

This action is not to be treated as one based upon negligence. The proof is clear that the defendant is in possession of a railroad running from and between Pearsalls and Long Beach, in Queens county. This road, by one of its bridges, is proved to have closed up a common water highway. The action was made out when the obstruction was established and the damage resulting therefrom. It was for those who obstructed or who assumed the road with the obstruction to the water highway. It may be that there was no authority for the bridge. It is more likely that the road was lawful, upon condition that the water highway should be kept open. It would not justify the defendant, if this was the condition, to prove a bad bridge, one which would not work so as to free navigation. The case is not like the statute in respect to railroad fences. The adjoining owner has no right to a fence except by statute, and if the fence is well built, a sudden destruction of it would free the company until it received notice or ought to have discovered the defect. The right of way over the navigable water is absolute and cannot be taken away by the legislature. Besides, if a railroad fence is proven down, and injury results, it is not the duty of the injured party to prove how long it had been down. Finally, this bridge is proven to have been an obstruction from Thursday night, August twenty-nine, until Sunday, September two, which is strong evidence of negligence in a case like this. The company had notice of the defect Thursday night, and how long before it does not appear.

The judgment should be reversed, with costs, and that of the justice affirmed.

DYKMAN, J., concurred.

PRATT, J. (dissenting) :

The complaint in this action alleged that the defendant owned and operated a railroad between Pearsalls and Long Beach, in Queens county, upon which had been erected a draw-bridge, and that said bridge crossed a navigable stream of water of the town of Hempstead. There is no allegation that the bridge was unlawfully erected, and no proof in the case to that effect. It is lawful for railroad corporations to construct their road across streams and to erect draw-bridges thereon, after obtaining consent of the board of supervisors of the county. (Laws of 1875, chap. 482, § 1, subd. 3.) It appears that the bridge in question was erected many years ago, and in the absence of any proof to the contrary it is to be assumed that it was erected with the consent of the proper authorities. It was not, therefore, an unlawful obstruction, and the authorities cited by the appellants relating to " purprestures " and public nuisances have no application to the case. A duty, however, rested upon the defendant to construct the bridge in a proper manner, to keep it in repair, and to operate it with care and caution, so as not unnecessarily to impair the usefulness of the stream or to delay navigation. (*Briggs* v. *N. Y. C. and H. R. R. R. Co.*, 30 Hun, 293.) This duty is one which is to be performed with due and reasonable care, and actions growing out of the failure to perform this duty have for their basis the neglect or want of care of the defendant. The foundation of the action is negligence, viz., the failure of the defendant to perform a duty to the plaintiff which by law is imposed upon it. As in all actions for damages by reason of negligence, the burden of proving negligence rests upon the plaintiff. He does not make out his case by proving that, on a particular occasion, he was unable to pass through the draw-bridge, or that at a particular time the bridge was out of repair. He must show that such a condition is the result of some omission of duty on the part of the defendant or its servants. Upon this question the plaintiff holds the affirmation, and is bound to give evidence of the defendant's neglect. Tested by this rule this action fails. The

bridge was reported out of repair on Friday afternoon. The company took immediate steps to repair it, and it was in good order on Sunday afternoon. Whether its condition was due to sudden and unknown causes, or whether it was the result of lack of proper inspection or other want of care the evidence does not inform us. The fact that it broke down is as consistent with one theory as another. The plaintiffs offered no evidence that tended to show any neglect on the part of the railroad company, and without such evidence they could not recover.

The judgment was properly rendered by the County Court, and the order appealed from must be affirmed, with costs.

Judgment of County Court reversed, with costs.